**BROTHERHOOD OF LOCOMOTIVE FIRE-
MEN AND ENGINEMEN v. RANEY.**

No. 8294.

Court of Civil Appeals of Texas. Austin.

Jan. 27, 1937.

Rehearing Denied Feb. 10, 1937.

Robert T. Neill and James P. Farrell, both of San Angelo, for appellant.

Gibbs & Williams, of San Angelo, for appellee.

BAUGH, Justice.

This case is closely related to that of appellant Brotherhood of Locomotive Firemen and Enginemen v. Forrester (Tex. Civ.App.) 101 S.W.(2d) 860, this day decided. Raney, like Forrester, was a member

in good standing of the Brotherhood, had been rated as totally disabled because of tuberculosis, had received the benefits authorized in such cases up until March, 1933, when he was, after examination, found by the examiners of appellant not to be totally disabled within the meaning of its constitution, and payments of disability benefits discontinued. He prosecuted his appeal in the manner provided by the constitution and rules of the brotherhood, and after adverse decisions upon such appeal filed this suit. The same issues were submitted to the jury, under the same instructions, as in the Forrester Case, the same findings were made against appellant, and judgment rendered against it accordingly; hence this appeal.

■ We deem it unnecessary to set out or summarize the evidence here. Suffice it to say that it was conflicting on the issues presented, and in the main consisted of divergent opinions of doctors who had examined appellee, and whose qualifications as experts are not attacked, with the added testimony of lay witnesses, including appellee and his wife, as to appellee's physical condition and symptoms during the period of time involved. The doctors who were witnesses for appellant testified, in substance, that Raney's case of tuberculosis, if he had had it, had become and was arrested, and that by taking care of himself he could perform manual or other labor. The doctors who testified as witnesses for appellee, who were shown to be familiar with appellee's condition and conversant with his past medical history, testified in effect that he had active tuberculosis; that he could not without jeopardizing his health and endangering his life perform any manual labor, the only kind of labor, due to his lack of education and restricted experience, he was capable of doing. To this expert opinion evidence was added testimony of other lay witnesses to the effect that appellee had tried to work, but was not physically able to do so, and that such attempts had in some instances caused hemorrhages and put him in bed. Manifestly in this state of the record jury issues were raised in the respects submitted; and there being evidence to sustain their findings, it is not our province to disturb them.

■ Appellant's first contention relates to its exception, which was overruled, to plaintiff's petition, wherein he pleaded the language of appellant's constitution pro-

viding that a member of the brotherhood who was totally and permanently disabled was entitled to "receive $50 for each calendar month from the date of such disability until his death"; but omitted to plead the remainder of such provision, "or until he is adjudged no longer entitled to benefit." Even if it be conceded that such failure to plead the full provision was subject to such exception, which we do not hold, manifestly it was harmless error. Appellant was in no manner surprised or injured thereby. The whole controversy presented and fully pleaded otherwise (appellee having been admittedly theretofore rated as and paid for a total disability) was whether in fact and in law appellee's benefit payments had been properly discontinued by appellant, the whole issue ultimately being whether or not he was any longer entitled to such benefit. The proper forum for finally "adjudging" this question was in the trial court; and that adjudication was of necessity based upon the facts as to such total disability presented to the jury. The matter complained of was consequently one of defense to be set up by appellant iself.

■ The mere decision of the International President, sustaining that of the General Secretary, who had discontinued appellee's benefits in March, 1933, and that of the board of directors who had affirmed that decision on appeal to them by Raney, was not a final adjudication of appellee's rights to such benefits. The constitution of appellant itself contemplated a resort to the courts to determine that question, and provides for certain notices as a prerequisite to the filing of such suit. These requirements appellee had met. His rights, therefore, were dependent, not upon the decisions of the general secretary, the president, or the board, but whether he could demonstrate by competent proof upon the trial that his physical condition was and had been such as to come within the provisions of appellant's constitution. It did not depend upon the decisions reached by the various officers of the appellant on appeal to them. Not only is this true, but the decisions of the president and of the board tendered in evidence, and excluded by the trial court, show to be, in part at least, hearsay and to have been reached after consultation with and the advice of appellant's chief medical adviser who had never seen nor examined appellee. It was not error, therefore, to exclude these writ-

ten decisions, there being no charges of fraud or bad faith of appellant in the premises.

■ Appellant next complains of the testimony of Mrs. J. S. Forrester that she had been to see appellee during the period involved and about a year before the trial, when he was sick in bed "and at that time he was spitting some blood." Upon cross-examination she testified that she "understood he had been spitting blood"; but that she did not see him do so. No request was made to the court to exclude the testimony complained of, after it was given, nor to instruct the jury not to consider it. Consequently, only a matter of the credibility of such testimony is involved.

Appellant next contends that the testimony of Dr. Sutton, who examined appellee at his request in August, 1933, as to the medical history given to him by Raney at that time, was inadmissible, because not received for the purposes of treatment, but for the purpose of subsequently using said doctor as a witness in appellee's behalf.

■■ The rule seems now well settled that statements made by a patient to his physician as to subjective symptoms for the purpose of qualifying such physician to testify, and not for purposes of treatment, are inadmissible in evidence; and a diagnosis by a physician based on such statements or medical history is likewise inadmissible. Gaines v. Stewart (Tex.Civ. App.) 57 S.W.(2d) 207; Texas Emp. Ins. Ass'n v. Wallace (Tex.Civ.App.) 70 S.W. (2d) 832; 17 Tex.Jur. p. 588, § 245. The testimony of a physician as to a diagnosis made by him from objective symptoms, however, and from his own examination of a patient, independent of what the patient may have told him, is not inadmissible though the patient may have made self-serving declarations to him. In the instant case, Dr. Sutton made an independent examination in August, 1933, wherein he took appellee's blood pressure, his temperature, counted his pulse, examined his lungs and heart with a stethoscope, and had taken and examined an X-ray picture of appellee's heart and lungs. From these he reached his own independent conclusion that appellee then had active tuberculosis. The only medical history given to Dr. Sutton by appellee, shown by Dr. Sutton's testimony, was as follows:

"The history of his illness in 1931 was diagnosed as tuberculosis, in Waco, Texas. He was admitted to the State Sanatorium July 15, 1931, and remained there until January 16, 1932, and was told he had active tuberculosis in both apices. That is the history he gave me."

■ Under the circumstances, unless Dr. Sutton had acquired such medical history for purposes of treatment of appellee, or from some other source than appellee, he was not entitled to consider it in arriving at his diagnosis or his conclusions as to appellee's disability. But we think the error was manifestly harmless, for the reason that all the matters stated in the above testimony were established by other testimony and such facts are not controverted. Even if made under such circumstances as to be self-serving, where the facts so stated are not only not controverted, but affirmatively shown to be true by other competent testimony, even if Dr. Sutton had in part predicated his diagnosis on such assumption, manifestly no injury could have resulted to appellant, and the error, if such it be, was clearly harmless.

The only remaining question relates to objections made to the testimony of the doctors that in their opinion appellee was totally and permanently disabled from performing any manual labor. That is, that he could not do so without serious injury to himself and danger to his life. The objection is made that such testimony usurps the function of the jury and is the ultimate fact to be found by them.

■ The objection is not well taken. In matters relating to the physical condition of a person and his capacity to perform a given character of work which may or not jeopardize his health or his life, the testimony of experts have uniformly been admitted. In matters involving the field of scientific medicine, it is often true that a jury's finding must of necessity be based upon the opinions of qualified experts; and their testimony is admissible even though their diagnosis or opinion involves the very conclusion which the jury is called upon to find. Houston & T. C. Ry. Co. v. Roberts, 101 Tex. 418, 108 S.W. 808; Gulf, C. &. S. F. R. Co. v. Williams (Tex.Civ.App.) 136 S.W. 527 (writ ref.); 19 Tex.Jur. p. 58, § 37.

The remaining contentions raised by appellant relate to the charge of the court defining the meaning of the term "total and permanent disability" in connection with the special issues submitted to the jury. The same charge is involved and

the same questions presented as in the case of appellant Brotherhood of Locomotive Firemen and Enginemen v. Forrester (Tex.Civ.App.) 101 S.W.(2d) 860, this day decided, in which appellant's contentions were not sustained. We refer to that case for a discussion of these issues without repetition here.

Finding no substantial error in the record, the judgment of the trial court is affirmed.

Affirmed.