**SOUTHERN UNDERWRITERS v. KNIGHT.**

No. 10112.

Court of Civil Appeals of Texas. San Antonio.

July 21, 1937.

Rehearing Denied Aug. 18, 1937.

Battaile, Burr & Holliday, of Houston, for plaintiff in error.

Thomas & McDonald, of Big Springs, and Joseph A. Beyer, of Crane, for defendant in error.

SLATTON, Justice.

Defendant in error, M. P. Knight, brought this action, under the Workmen's Compensation Act (Vernon's Ann.Civ.St. art. 8306 et seq.), against the Southern Underwriters, plaintiff in error. A jury trial resulted in the entry of a judgment in favor of defendant in error and against plaintiff in error.

Plaintiff in error, by its first three propositions, makes the contenion that the evidence shows, as a matter of law, that the contract of hire, under which the defendant in error was acting at the time he received the injury complained of in this suit, was void on account of being inhibited by our statutes condemning labor on the Sabbath. The plaintiff in error raised the question in the trial court by its motion for a peremptory instruction.

The evidence in the record before us shows a contract of hire to perform labor,

which does not contemplate, nor require, the performance of labor on Sunday. It is true, the accident occurred on Sunday, but this in itself is not enough to condemn the contract under which the labor was performed.

The same contention as made by plaintiff in error here was presented and overruled in the case of Texas Employers' Insurance Association v. Tabor (Section B Commission of Appeals) 283 S.W. 779, 780, from which we quote:

" 'Where a contract could have been performed in a legal manner as well as in an illegal manner, it will not be declared void because it may have been performed in an illegal manner, since bad motives are never to be imputed to any man where fair and honest intentions are sufficient to account for his conduct.' 6 R.C.L. 694, § 100.

"This is but another way of stating the well-recognized rule of construction that, where a contract is capable of two interpretations, the one rendering it void and the other valid, the latter will always be adopted. All parties are presumed to know the law, and are likewise presumed to intend that their agreement shall have legal effect. The evidence in this case shows, or tends to show, that the contract of employment was made on Friday or Saturday, and there is nothing whatever to show conclusively, if at all, that it was contemplated the work should be done on Sunday. The most that can be said is that the evidence raises the issue of such intention, and, therefore, of such invalidity, and the matter was one for the jury, but no complaint is made that the issue was not submitted to the jury; the only complaint being as above stated, that a summary instruction for the defendant was refused. This was properly refused for the reason stated."

Plaintiff in error, by its subsequent propositions, complains of the admission, over its timely objection, of the opinion of three physicians as to the physical condition of defendant in error, claiming that the witnesses' opinions were predicated in part upon self-serving and hearsay declarations of the defendant in error, made while such physicians were examining the defendant in error for the purpose of becoming witnesses and not in the course of medical treatment. Plaintiff in error further objected to such evidence upon the grounds that the opinion of the physicians, of the defendant in error's ability to perform manual labor, was an invasion of the province of the jury.

It is not questioned that the evidence in the record shows that the physicians who testified were well qualified as experts. A reading of their testimony does not disclose that any self-serving declaration of defendant in error, made to them during the time of such examination, was detailed to the jury.

In 19 Tex.Jur. 56, § 37, it is said: "There are no subjects on which the opinions of experts are more commonly sought than those pertaining to health and disease, injury and death. The expert in such cases is a qualified physician and surgeon. Such a witness may not only give his diagnosis of the state of a person's health, but he may likewise state his conclusion as to the cause of the injury or disease. Likewise when the effect of a wound, bodily injury or disease is in question the expert may testify thereto. * * .* The witness may also make a prognosis of the physical condition, as well as a diagnosis, being permitted to state his opinion as to the probability of future aggravation or complication, and the likelihood of permanency."

We quote a question and an answer of one of the physicians, which is representative of the two others:

"Q. In your opinion, from your examination and aside from any history of the case, and wholly from your own findings, do you say that the injuries to his muscles, tendons, nerves and the sacro-iliac displacement would render M. P. Knight unable to perform manual labor? A. The findings from the physical examination convinces me, and it is my opinion that Mr. M. P. Knight is unable to perform manual labor, and I mean by this, that while he can get around and go about and do little personal jobs for himself, yet he cannot do a day's work at manual labor, nor can he in the condition that he is now in, do any lifting of objects or do any work that would take strength in the motion of his upper body, and that any continued physical exercise extending over a period of a few hours would exhaust him and give rise to pain in his back, pelvis, and lower limbs."

We are of opinion that the objections of plaintiff in error to the opinion of the experts, as aforesaid, are without merit.

We next consider: Was it error for the trial court to admit the opinion of experts

over the objection that the same invaded the province of the jury? In the case of Zurich General Accident & Liability Ins. Co. v. Kerr (Tex.Civ.App.) 54 S.W.(2d) 349, 351 (writ refused), the same contention as that here made by plaintiff in error was overruled in the following language: " 'The proper test of the admissibility of the testimony of experts * * * is not whether or not the opinion of the expert would prove the very fact to be found by the jury. The object of all testimony is to prove the very fact to be found by the jury, and it is not usurpation of the powers of a jury to prove that fact. * * * The rule as to expert testimony is that the subject of inquiry is one of science, skill, or trade, or questions of like kind, about which the expert, by his previous training, habits, or study, has more skill and knowledge than jurors of average intelligence may be presumed generally to possess.' International & Great Northern R. Co. v. Mills, 34 Tex.Civ.App. 127, 78 S.W. 11, 12, writ denied."

We have considered all propositions properly presented by plaintiff in error and are of opinion that they are without merit.

The judgment is affirmed.