FEDERAL UNDERWRITERS EXCHANGE v. R. E. COST.

No. 7421. Decided December 7, 1938.
Rehearing overruled January 18, 1939.
(123 S. W., 2d Series, 332.)

*Saunders & Williams, Saunders, Akin & Williams* and *Benbow, Saunders & Holliday*, all of Dallas, for plaintiff in error.

The purported claim for compensation filed with the In-

dustrial Accident Board, merely stating that plaintiff was injured in the back and that he was earning $6.00 per day at the time of his injury, and making no claim for any definite amount or presenting facts showing the probable duration of the alleged injury or from which it could be calculated that he was claiming an amount within the jurisdiction of the district court, it was error for that court to render judgment in his favor or any judgment except one to dismiss the case for want of jurisdiction. Bailey v. Texas Indemnity Ins. Co., (Com. App.) 14 S. W. (2d) 798; Texas Emp. Ins. Ass'n. v. Moore, 123 Texas 302, 70 S. W. (2d) 702; Texas Emp. Ins. Ass'n. v. Wright, 128 Texas 242, 97 S. W. (2d) 171.

It was error for the court to admit in evidence the opinion of the physician of plaintiff's inability to work, as that was a question of fact for the jury. Also, it was error to permit the introduction and interpretation of x-ray photographs relating to the plaintiff's injury. 19 Tex. Jur. 19, 55; Kansas City M. & O. Ry. Co. v. Swift, 204 S. W. 135; 4 Jones on Evidence (2d Ed.) p. 3222; 22 C. J. page 916.

*Houston & Johnson,* of Dallas, for defendant in error.

The claim before the Industrial Accident Board, being one of general disability, the amount in controversy for which the Board might have authority to award compensation was for not exceeding 401 weeks at a rate of 60 per cent of plaintiff's average wage. Beal v. Texas Ind. Ins. Co., 55 S. W. (2d) 801; Travelers Ins. Co. v. Peters, 17 S. W. (2d) 457; Texas Ind. Ins. Co. v. White, 37 S. W. (2d) 277.

The evidence offered by physicians and surgeons is the only evidence by which the jury can be properly guided in determining ultimate issues, in which medical experts would be presumed to have superior knowledge, within the proper field. International & G. N. Ry. Co. v. Mills, 78 S. W. 11; Home Ins. Co. v. Collins, 55 S. W. (2d) 898; Bankers Lloyds v. Montgomery, 42 S. W. (2d) 285.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

Defendant in error Cost filed suit in district court against plaintiff in error Federal Underwriters Exchange to set aside an award of the Industrial Accident Board on his claim for compensation and to recover judgment for compensation on account of personal injuries alleged to have caused permanent total disability, the petition alleging facts which if true showed

that the amount in controversy was more than $1000.00. The trial court overruled plaintiff in error's plea to the jurisdiction, which presented the contention that the jurisdiction of the court was dependent upon the amount claimed by defendant in error before the Industrial Accident Board as set forth in the claim there filed, and that the claim did not set out sufficient facts to show that defendant in error was claiming an amount in excess of $500.00. The jury found in answer to special issues that defendant in error suffered injury in the course of his employment which resulted in permanent total incapacity. No issue was submitted on the question of wage rate and none was requested. The trial court in its judgment found that the undisputed evidence showed defendant in error's average weekly wages to be such as to entitle him to compensation at the minimum weekly rate of $7.00. Judgment was rendered in favor of defendant in error for $2385.68, the compensation being computed at the rate of $7.00 per week and discount allowed to represent lump sum value. The Court of Civil Appeals affirmed the judgment of the district court. 115 S. W. (2d) 706.

The assignments of error presenting the question as to the jurisdiction of the district court are overruled. Booth v. Texas Employers' Insurance Association, this day decided. 132 Texas 237, 123 S. W. (2d) 322.

■ Three assignments of error complain of the trial court's action in permitting two physicians to testify that in their opinions defendant in error was not able to secure and retain employment and perform the usual tasks of a workman.

Dr. Hurt, a witness for defendant in error, qualified as an expert and experienced physician and surgeon, and testified in detail as to the physical condition of defendant in error ascertained in two examinations. Thereupon questions were asked and answered and objection made as follows:

"Q. Doctor, state whether or not in your opinion, this man, Mr. Cost, at the time you first saw him was able to secure and retain employment and perform the usual tasks of a workman?
"A. No sir, he was not.
"(Mr. Collins: Just a minute, we want to object to that as calling for an opinion and conclusion of the witness upon an ultimate issue of fact to be determined by the jury and it invades the province of the jury and does not involve expert medical opinion.)
"(The Court: The objection is overruled.)
"(Mr. Collins: Note our exception.)

"Q. The Court says you may answer it?

(Mr. Collins: He has already answered it.)

"A. He was not able to perform manual labor at that time.

"Q. Now, doctor, from the examination that you made this morning state whether or not that is still your opinion about his condition?

"A. It is still my opinion on that that he can not.

"Q. State whether or not in your opinion that condition is permanent?

"A. It is."

A similar question was asked and answered by Dr. Hurt on redirect examination, the same objection being made.

Dr. Deason, an experienced, qualified physician and surgeon, examined defendant in error at the time of the trial and testified at length as a witness for plaintiff in error with respect to defendant in error's physical condition as disclosed by the examination. On cross examination the following occurred:

"Q. There is another question I want to ask you—you do not believe that this man is able to work now, I mean procure and retain employment and perform the usual tasks of a workman?

"A. I know he cannot.

"(Mr. Collins: I object to that; that calls for an opinion of the witness on an ultimate issue of fact to be determined by the jury and the Court and therefore invades the province of the jury.)

"Q. What was your answer, you said 'I know he cannot.'

"A. Yes, sir."

The contention made is that even an expert witness may not give his opinion upon an ultimate issue to be decided by the jury in the case being tried, and attention is called to the fact that the court in its charge to the jury which submitted among other issues that of total incapacity, defined total incapacity in substantially the same language as that used in the questions to which objection was made. The definition of total incapacity in the court's charge is:

"By the term 'total incapacity' as that term is used herein is not meant an absolute inability to perform any kind of labor, but one who is unable to procure and retain employment and perform the usual tasks of a workman is ordinarily regarded as totally incapacitated."

The position taken is that in view of this definition, the expert witnesses, in expressing the opinion that defendant in error was not able to secure and retain employment and per-

from the usual tasks of a workman, were testifying that plaintiff in error was totally incapacitated and thus were invading the province of the jury by answering one of the important issues submitted to it.

In support of these assignments plaintiff in error relies in the main upon Brown v. Mitchell, 88 Texas 350, 31 S. W. 621, 36 L. R. A. 64, and Pickering v. Harris, (Com. App.) 23 S. W. (2d) 316. The point of difference between the evidence held inadmissible in those cases and the testimony of Dr. Hurt and Dr. Deason is that the answers of Dr. Hurt and Dr. Deason did not express legal conclusions. The question whether a witness is totally incapacitated as the result of injury is one of fact, not one of law. Bankers Lloyds v. Montgomery, 42 S. W. (2d) 285, 287, (reversed on another point, 60 S. W. (2d) 201). It calls for the expression of an opinion as to physical condition and does not involve a conclusion as to the legal effect of such physical condition. Opinions of qualified physicians and surgeons with respect to the physical condition of a person are admissible. Such witnesses may testify as to the nature of disease or injury, whether temporary or permanent and as to the extent of incapacity or disability, whether total or partial, caused by the disease or injury. Zurich General Accident and Liability Insurance Co. v. Kerr, 54 S. W. (2d) 349 (application for writ of error refused) ; Coleman Mutual Aid Association v. Muse, 67 S. W. (2d) 393 (application for writ of error refused) ; Texas Employers' Insurance Association v. Shilling, 259 S. W. 236; Bankers Lloyds v. Montgomery, 42 S. W. (2d) 285; Metropolitan Life Insurance Co. v. Greene, 93 S. W. (2d) 1241; Brotherhood of Locomotive Firemen and Enginemen v. Raney, 101 S. W. (2d) 863; Southern Underwriters v. Knight 107 S. W. (2d) 1097; 19 Tex. Jur. pp. 56-59, Sec. 37; Jones' Commentaries on Evidence, Vol. 2, pp. 929-933, Sec. 378.

Brown v. Mitchell, supra, was a suit to set aside a will on account of mental incapacity of the testator. The witness was asked whether in her opinion the testator had sufficient mental capacity to declare her last will and testament and dispose of her property. The answer was "I do not think she was capable of making her will." Associate Justice Brown, writing the opinion said that the question and answer presented the proposition, "Can a witness, after giving the facts, state his or her opinion as to the legal capacity of a person to make a will?" It was held that the witness will not be permitted to state such opinion because to do so is to testify to a legal conclusion. Justice Brown was careful to emphasize in the opinion the dis-

tinction between opinions of witnesses upon a mental condition and opinions when directed to legal capacity to perform the act in question. He states in the opinion that the decisions of the courts of this State, as those of the courts of other States, "establish the rule that all witnesses, whether subscribing witnesses, experts, or others, who know the facts, and having stated such facts, may express opinions founded upon their own knowledge as to the mental condition of the testator." Pickering v. Harris (Com. App.) 23 S. W. (2d) 316, was a suit to cancel a deed on the ground of mental incapacity on the part of the plaintiff to execute the deed. It was held, following Brown v. Mitchell, that the trial court should not have permitted witnesses to testify that the plaintiff at the time he executed the deed had in their opinion sufficient mental capacity to understand the nature and extent of the transaction. The objection made to the testimony when offered was that it was the opinion and conclusion of the witnesses as to a mixed question of law and fact involving the ultimate issue in the case. The ruling made, as expressed at the conclusion of the opinion, was that the court erred in admitting the evidence because in so doing it permitted witnesses to testify to a number of legal conclusions the sum total of which made up the ultimate fact to be decided. The decision goes no further than to hold that a witness cannot be permitted to express a legal conclusion which answers the ultimate issue to be decided. It does not condemn the admission of expert opinion as to a fact that is to be submitted to and determined by the jury.

■ Expert opinion as to a fact in issue often invades to an extent the province of the jury. It is admitted, when the witness is qualified, to aid the jury, not to control it, in the determination of the issue. In nearly every suit filed for general injury under the Workmen's Compensation Law the court submits to the jury issues as to the extent and probable duration of the incapacity of the injured employee, whether total or partial, permanent or temporary, and yet it is held that in such suits duly qualified physicians may give their expert opinions on these very questions. When an issue to be answered by the jury relates to market value of property a witness, after proper qualification, is permitted to give his opinion as to the market value of the property. State of Texas v. Carpenter, 126 Texas 604, 617, 89 S. W. (2d) 194, 979. In Houston & Texas Central Railway Co. v. Roberts, 101 Texas 418, 421, 108 S. W. 808, it was held that the court erred in permitting a witness to express his opinion, because the question called for and the answer gave the opinion of the witness on a mixed question

of law and fact. Associate Justice Williams in drawing the distinction between such question and one that is a pure question of fact said:

"The fact that the witness may have possessed greater knowledge as to the existence of the facts entering into the inquiry than the jury are supposed to have had, does not make such a conclusion as this admissible. All evidence is admitted to put the jury in possession of the facts over which they are to decide. *It is sometimes the case that witnesses are permitted to state their opinions so as to involve the very conclusion the jury are to draw in giving their verdict.* For instance, the question to be decided by the jury may be whether or not a person was insane, or whether or not a wound caused a death, or as to the value of property, and their decision of it may determine the entire controversy, but that does not exclude opinions of qualified witnesses upon it. Scalf v. Collin County, 81 Texas, 517. *These and the like are pure questions of fact upon which opinions are admissible,* and differ from such inquiries as that before us, where the ultimate conclusion to be drawn from all the facts of the case is a mixed one of law and fact as to negligence *vel non,* the facts determining which may be developed so as to enable the court and jury to decide it." (Our italics.)

See also: St. Louis, Arkansas & Texas Railway Co. v. Johnston, 78 Texas 536 15 S. W. 104; International & Great Northern Ry. Co. v. Mills, 34 Texas Civ. App. 127, 78 S. W. 11 (application for writ of error refused); Zurich General Accident & Liability Insurance Company v. Kerr, 54 S. W. (2d) 349 (application for writ of error refused); Brotherhood of Locomotive Firemen & Enginemen v. Raney, 101 S. W. (2d) 863, 865; Southern Underwriters v. Knight, 107 S. W. (2d) 1097, 1099.

The questions propounded to Dr. Hurt and Dr. Deason and the answers hereinbefore quoted neither called for nor gave the opinions of the witnesses on a mixed question of law and fact. The opinions given did not involve legal conclusions. They were expert opinions as to the physical condition of defendant in error, his capacity or ability to perform manual labor. This being true, the testimony was admissible, even though the opinions given be regarded as involving the conclusion that the jury was to draw in answering the special issue as to total incapacity.

It is our opinion that the questions propounded and answers

given are not objectionable as comprehending other factors than physical condition, such as the personality and individual ability of defendant in error and the economic situation in the community, which might affect his ability to procure and retain employment. On the contrary, it is apparent from the language of the questions and answers and from the whole of the testimony of the witnesses that the questions and answers to which objections were made related to physical ability to perform manual labor.

■ The trial court did not err in admitting in evidence the X-ray photographs of portions of the body of defendant in error taken by Dr. Hurt and used in explanation of his testimony. Dr. Hurt testified that he had had eleven years' experience in the taking and interpretation of X-ray photographs, that he owned a standard X-ray machine and personally took the photographs when he examined defendant in error, that they were taken in accordance with recognized standards of taking such photographs and had been continuously in his possession. The objection made was that the proper predicate had not been laid for their introduction. The proof as to the identity and correctness of the photographs was sufficient as a predicate for their admission, especially in view of the vague objection made. Houston & T. C. Railway Company v. Shapard, 54 Texas Civ App., 596, 118 S. W. 596, 601, (application for writ of error refused); Texas Employers' Insurance Association v. Cheek, 63 S. W. (2d) 1103, 1105.

■ The last proposition presented by plaintiff in error is that there was no sufficient basis for the judgment rendered by the trial court in favor of defendant in error, because, although he as plaintiff had the burden of securing a finding of the jury as to his average weekly wage rate, he failed to request the submission of that issue and thus waived the issue as to wage rate, which (it is asserted) constitutes an independent ground of recovery. The often debated question as to the meaning of Article 2190 of the Revised Civil Statutes of 1925 and correct interpretation of Ormsby v. Ratcliffe, 117 Texas 242, 1 S. W. (2d) 1084, is suggested, but it need not be discussed here. The compensation awarded defendant in error by the judgment was calculated at the minimum rate of $7.00 per week. Section 10 of Article 8306, Revised Civil Statutes of 1925, provides that while the incapacity for work resulting from injury is total, the insurer shall pay the injured employee a weekly compensation equal to sixty per cent of his average weekly wages, but *not more than* $20.00 *nor less than* $7.00. Had there been an

issue submitted to the jury as to the average weekly wages of defendant in error, the compensation awarded by the judgment, whatever the jury might have answered as to the amount of average weekly wages, could not have been less than a minimum fixed by the statute. Plaintiff in error is not injured by the absence of the jury finding.

The judgments of the district court and the Court of Civil Appeals are affirmed.

Opinion adopted by the Supreme Court, December 7, 1938.

Rehearing overruled January 18, 1939.