## TEXAS EMPLOYERS INS. ASS'N v. WARREN.

### No. 2294.

Court of Civil Appeals of Texas. Waco.
March 6, 1941.

Rehearing Denied March 27, 1941.

Lawther, Cramer, Perry & Johnson, of Dallas, for appellant.

John W. West, of Dallas, and J. C. Lumpkins, of Waxahachie, for appellee.

TIREY, Justice.

. This is a workmen's compensation case. Appellee brought this suit to set aside an award of the Industrial Accident Board, denying him any recovery on his claim filed before said Board. He sued for a recovery of compensation for 401 weeks and alleged that he was entitled to have the appellant redeem its liability in a lump sum. The jury returned a verdict on special issues, upon which verdict the trial court (after consideration of motion for judgment on the verdict by appellant and upon motion made by appellee and notice under Art. 2211, Vernon's Annotated Civil Statutes, as amended in 1931, Acts 42nd Leg., ch. 77, p. 119, sec. 1, to disregard jury finding to Special Issue No. 16 of the court's charge, and appellee's admission that he was entitled to a weekly compensation rate of only $7 per week, the minimum amount allowed according to law, the jury having answered all other issues favorable to appellee) entered judgment in favor of appellee and against appellant for a lump sum calculated at the minimum wage rate of $7 per week.

Appellant's first proposition is: "Where the evidence shows that the claim for compensation was filed over two and one-half years after the alleged injury, and the only excuse was (1) that he did not.

know the seriousness of his injury, but his evidence and that of his doctor and the jury found he became totally disabled eight days after such injury, and (2) that settlement negotiations were being had, and the evidence showed the only offer during the two and one-half years was $25.00, the court erred in not sustaining appellant's motion for an instructed verdict." We overrule this assignment. Appellee pleaded, in part, substantially as follows: That he was injured on or about October 28, 1936, while engaged in the course of his employment for the Texas Power & Light Company, and that said injury originated and had to do with the business of said company, and that he sustained the injury while doing the usual and customary duties of said employer; that within thirty days of the date of said accident and resulting injuries to him, he notified his employer, and that claim for compensation was filed with the Industrial Accident Board of the State of Texas within six months from the date of said injury. In the alternative, he alleged good cause for failure to file notice and claim within the time stated. Appellant, on October 23, 1939 (two days before this cause went to trial, all parties having announced ready), filed its first amended original answer, which pleading, among other things, denied under oath (for the first time) the allegations. in appellee's petition that notice of injury was given within thirty days and that this claim for compensation was filed within six months. Appellee, by special exceptions, seasonably invoked the provisions of Art. 8307b, Vernon's Annotated Civil Statutes (Acts 1937, 45 Leg., pp. 535, 536, ch. 261, sec. 2), to the verified plea filed by appellant. The court overruled said exceptions and the cause proceeded to trial on its merits. As we understand the provisions and effect of the above article of the statute, appellant admitted the truth of the allegations as to (1) notice of injury, and (2) claim for compensation, by failing to deny them by verified pleadings, filed not less than seven days before the cause proceeded to trial. Traders & General Ins. Co. v. Porter, Tex.Civ. App., 124 S.W.2d 900, point 1, page 902, writ refused. See also Bedner v. Federal Underwriters Exchange, Tex.Civ.App., 133 S.W.2d 214, point 7, page 217. Said statute, in part, provides that "such denial may be made in original or amended pleadings; but if in amended pleadings such must be filed not less than seven days before the case pro-

ceeds to trial." The verified pleading in this cause was filed only two days before it proceeded to trial. "The general rule is that where the cause of action and remedy for its enforcement are derived not from the common law but from the statute, the statutory provisions are mandatory and exclusive * * *." Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084, point 2, page 1087. We therefore hold that the failure of appellant to comply with the provisions of the above article of the statute concluded the issue of good cause raised by it by a legal presumption. It necessarily follows that appellant's fourth proposition, which complains of the court's definition of good cause, is without merit. It likewise follows that appellant's third proposition, to the effect that the finding of the jury that good cause existed for not filing a claim for compensation for over two and one-half years after the alleged accident was against the preponderance of the evidence, becomes immaterial.

Appellant's second proposition is: "Where the appellee fails to establish a wage rate based on his theory that the third subsection of the wage rate statute applies, and the jury finds to the defensive issue (Requested Special Issue No. 2) that there were other employees in the same or similar employment, given as a part of the court's charge (Issue No. 16 in the Charge), judgment should be rendered for the appellant." This proposition cannot be sustained. The jury in its verdict found (Special Issue No. 16) that "there was an employee engaged in the same or similar employment as plaintiff on October 28, 1936, at the same or a neighboring place who had worked substantially the whole of the year prior to October 28, 1936." It failed to find that it was impracticable to compute the average weekly wage under either subsection 1, or subsection 2, as provided in section 1 of Art. 8309, Vernon's Annotated Civil Statutes, as amended in 1937 (Acts 45th Leg., p. 537, ch. 262, sec. 1). The jury did find (Special Issue No. 19) that the sum of $12 per week would be fair and just to both parties. We think it is clear that under Art. 2209, Vernon's Annotated Civil Statutes, it was the duty of the trial court to render judgment on the verdict in favor of appellant, unless it set the verdict aside or granted a new trial, or unless the appellee invoked the provisions of Art. 2211, supra, which "was intended to obviate the appar-

184

ent harshness of this rule, and to permit the disregarding of a special issue finding which had no support in the evidence." Hines v. Parks, 128 Tex. 289, 96 S.W.2d 970, 972. In other words, the burden of proof was on the appellee to offer legal evidence establishing an average weekly wage under one of the three subsections of section 1 of Art. 8309, supra, and the appellee had the further burden to show by competent evidence that it was impracticable to compute the average weekly wage under either subsection 1 or subsection 2 before resort could be had to subsection 3. The jury in its verdict having found (Special Issue No. 16) that "there was an employee engaged in the same or similar employment as plaintiff on October 28, 1936, in the same or a neighboring place who had worked substantially the whole of the year prior to October 28, 1936;" and the jury having failed to find that it was impracticable to compute the average weekly wage under either subsection 1 or subsection 2, before resort could be had to subsection 3, the jury were not authorized to determine what amount would be fair and just as to both parties and had not in fact made the necessary finding that would enable them to consider and answer Special Issue No. 19. The appellee filed his motion for judgment and notice under Art. 2211, supra, to disregard jury finding to Special Issue No. 16, on the ground that such finding had no support in the evidence, and because there was no evidence to raise such issue, and because the uncontradicted and undisputed evidence established that there was not an employee engaged in the same or similar employment as appellee on October 28, 1936, in the same or a neighboring place who had worked substantially the whole of the year prior to October 28, 1936. Said motion further admitted and conceded that appellee was entitled to a weekly compensation rate of only $7 per week, the minimum wage rate allowed according to law. The court granted this motion and entered judgment accordingly. The question then arises, did the trial court err in disregarding the jury's answer to Special Issue No. 16? We think not. We have carefully considered the statement of facts, and we are of the opinion that the record is without evidence to support the jury in its finding to Special Issue No. 16. We therefore hold that the trial court had authority under Art. 2211, supra, to disregard the answer of the jury to said issue. Texas Employers' Insurance Association v.

Roberts, 135 Tex. 123, 139 S.W.2d 80, point 5, page 84.

 Did the trial court err in disregarding the answer of the jury to Special Issue No. 19, and in lieu thereof awarding compensation to the appellee at the minimum wage rate fixed by statute? We think not. It is well settled that if the employee is entitled to compensation, the carrier is not injured by the award where it is based on the minimum fixed by the statute. Federal Underwriters Exchange v. Cost, 132 Tex. 299, 123 S.W.2d 332, point 9, pages 336, 337.

The jury found all other issues in favor of appellee, and, in our opinion, there is evidence to support such findings. All other assignments have been considered and each is overruled.

The judgment of the trial court is affirmed.