**TEXACO, INC., Appellant,**

v.

**E. H. PURSLEY, Jr., et al., Appellees.**

**No. 4793.**

Court of Civil Appeals of Texas, Eastland.

Aug. 8, 1975.

Rehearing Denied Aug. 29, 1975.

Aubrey L. Roberts Jr., Mays, Moore, Dickson & Roberts, Inc., Sweetwater, for appellant.

Frank Scarborough, Scarborough, Black, Tarpley & Scarborough, C. R. Dickenson, Wagstaff, Harrell, Pope, Alvis, Dickenson & Erwin, Abilene, for appellees.

WALTER, Justice.

This is a personal injury suit filed by E. H. Pursley, Jr. against Texaco, Inc., Crall Products, Inc., Merchants Fast Motor Lines, Inc. and Jimmy Davis. Following Pursley's non-suit as to Crall and Merchants, Texaco named them as third party defendants. Pursley recovered a judgment against Texaco and Jimmy Davis for $134,156.06. Texaco has appealed.

J. F. Chaney and two other Texaco employees went to Merchants warehouse to pick up a Crall filter. Chaney described the filter, as being about six feet high, about twenty-two inches wide, and about six feet long. The filter was not packaged or crated and was mounted on skids which lifted the unit off the floor about six inches. The filter weighed about 1,075 pounds. One end of the unit was elevated by a wooden block. Chaney pulled the packing list from the unit and then heard someone hollering. The packing list was in a cellophane envelope about four inches square. Chaney testified the packing list was attached to the equipment with a gray colored adhesive tape and it was a little stouter than ordinary adhesive tape. When Chaney looked up after pulling the packing list, he saw Pursley trying to hold the filter as it was falling. The filter fell on Pursley's left leg.

The jury found that Texaco, acting through its agents, servants and employees, was negligent in pushing or pulling upon the Crall filter without regard to its stability which was a proximate cause of the accident in question. Texaco contends there is no evidence or there is insufficient evidence to support these findings and such findings are against the great weight and preponderance of the evidence.

The testimony of Chaney and Pursley and other facts and circumstances in evidence constitute some evidence of probative force and support the findings of negligence and proximate cause.

In *Otis Elevator Company v. Wood*, 436 S.W.2d 324 (Tex.1968) at page 329, the court said:

"There is also evidence to support the jury's findings that the acts of negligence on the part of Otis were proximate causes

of the accident. As stated, there is evidence that the unprotected moving handrail would exert a pulling effect upon one coming into contact with the rail from the side. Further, such contact would tend to pull the person coming into contact with the rail toward the open space left between the escalator and the balcony railing. Under these circumstances, a fact issue was created as to whether it was foreseeable that some nature of injury might occur from one coming into contact with the moving handrail from the side and being pulled toward the opening. Otis argues that it should not be required to foresee that a person might drape himself over the moving handrail in order to reach a screaming child. However, it is not necessary that Otis be charged with foreseeing the exact manner in which the injury occurred. It is sufficient that Otis 'should reasonably have anticipated consequences or an injury of the general nature of that which ensued.' *Port Terminal Railroad Assoc. v. Ross,* 155 Tex. 447, 289 S.W.2d 220, 224 (1956)."

We have considered the entire record and hold the findings of negligence and proximate cause are not against the great weight and preponderance of the evidence.

█ Pursley was an employee of Rig Edwards Oil Company. Tires belonging to Edwards were delivered to Merchants' warehouse and stored there until Edwards needed them. Pursley was working with the tires and loading them at the warehouse sometime before the accident. Pursley testified he was standing still approximately two feet from the filter and the first indication something was wrong was when the filter hit his shoulder. Neither Edwards' employees nor Texaco's employees were restricted to any particular portion of the warehouse. The arrangement for storing the tires was for the mutual benefit of Edwards and Davis whom the jury found was acting as an independent contractor for Merchants.

Texaco contends Pursley was a licensee as a matter of law and if not a licensee as a matter of law, a fact issue existed as to whether he was a licensee as to Texaco. We find no merit in these contentions because Texaco's employees and Edwards' employees were all invitees of Davis.

In *Hernandez v. Heldenfels et al.,* 374 S.W.2d 196 (Tex.1963), the court said:

" . . . In our opinion, Hernandez as a servant of the owner of the property going from one place to another within the confines of the plant was not a licensee of Heldenfels. His legal status was akin to that of an invitee in that the occupancy of Heldenfels was not of such a nature that employees of Southwestern Oil & Refining Company had no right to be upon the premises except by leave of Heldenfels."

" . . . Both, in a sense, were invitees of the owner and the fact that the roadway was a private way does not vary the legal consequences of substandard action from that encountered when two persons are equally entitled to make use of a public road. Each owes a duty to prevent injury to the other through negligence."

In *J. A. Robinson Sons, Inc. et al. v. Ellis et al.,* 412 S.W.2d 728 (Tex.Civ.App.—Amarillo 1967, writ ref. n.r.e.), the court said:

"Ellis was described as a field auditor whose duties included checking the time of Bowden's employees and materials used in the construction job in accordance with the written contract between El Paso and Bowden. Ellis had duties to perform for his employer on the premises. Bowden was not given exclusive control of the premises, nor can it be said Robinson was given such exclusive control of the premises. We conclude Ellis' status as to both Bowden and its subcontractor, Robinson was that of an invitee and not a licensee. *Hernandez v. Heldenfels,* 374 S.W.2d 196 (Supreme Court 1963). In the latter case there was no evidence the owner of the premises granted the occupants the exclusive use of the premises.

In the instant case not only did the owner of the premises not grant the occupant the exclusive use of the premises, but El Paso was specifically permitted by its contract to place employees on the construction site to check the contractor's employees time and the materials used. Ellis not only had a right to be on the premises, but his duties were directly related to Bowden's performance of the construction contract. Ellis was on the premises in furtherance of his employer's interests. He was an invitee both as to Bowden and Robinson."

█ Texaco offered into evidence the abandoned original petition of Pursley wherein he alleged specific acts of negligence against Crall, Merchants, Texaco and Davis. This pleading was offered on the theory it was inconsistent with Pursley's position at the time of trial. He went to trial on his first amended original petition and alleged that only Texaco and Davis were guilty of negligence that proximately caused his injuries. The court refused to admit the abandoned pleading. Texaco relies on *Long v. Knox*, 155 Tex. 581, 291 S.W.2d 292 (1956) in support of its position that the court erred in refusing to permit it to introduce Pursley's abandoned original petition. *Long* holds that an admission against interest in an abandoned pleading may be used in evidence against the pleader.

Texaco's bill of exception revealed Pursley had settled with Crall and Merchants. Pursley did not testify to anything inconsistent with his original petition. In *Alexander v. Harris*, 254 S.W. 146, 149 (Tex.Civ. App.—Fort Worth 1923, writ ref'd), the court said:

"We overrule that connection, since it is well settled that the doctrine invoked applies only as between inconsistent remedies or demands; and to make them inconsistent one action must allege what the other denies, or the allegations in one action must necessarily repudiate or be repugnant to the other."

We hold the original petition is not inconsistent with Pursley's trial pleadings.

█ The court properly excluded from the jury the fact Crall and Merchants had been dismissed from the lawsuit on motion of Pursley and he had entered into covenants not to sue having settled his case with them. See *McGuire v. Commercial Union Ins. Co. of New York*, 431 S.W.2d 347 (Tex.1968); *Otwell v. Scott*, 425 S.W.2d 9 (Tex.Civ.App.—Texarkana 1968, no writ hist.); and *Skyline Cab Company v. Bradley*, 325 S.W.2d 176 (Tex.Civ.App.— Houston 1959, writ ref. n.r.e.).

█ Texaco contends both Crall and Merchants were guilty of negligence as a matter of law and the jury's findings of no negligence are against the great weight and preponderance of the evidence. We hold the court properly submitted negligence issues as to the conduct of Crall and Texaco and from our consideration of the entire record find the jury's answers are not against the great weight and preponderance of the evidence. *In Re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

█ We find some evidence of probative force in support of the answer Jimmy Davis was acting as an independent contractor instead of an employee of Merchants.

We have considered the entire record and hold that such finding is not contrary to the great weight and preponderance of the evidence. *In Re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

Texaco contends that the jury's answer, "We did not assume the risk", cannot stand because as a matter of law Pursley voluntarily assumed the risk of approaching the Crall filter.

Texaco also contends the findings of the jury to special issue numbers 10(A), 10(B), 10(C) and 10(D) wherein the jury found that Pursley was not guilty of negligence cannot stand because the evidence establishes conclusively that he was negligent in each of such issues. We hold these issues were submitted to the jury on controverted

facts and find no merit in Texaco's contentions.

■ We have considered the entire record and find that the jury's answers to the issues referred to in the two preceding paragraphs are not against the great weight and preponderance of the evidence. *In Re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

Pursley was taken to Hendrick Hospital soon after he was injured. He was seen by Dr. Ralph Donnell, an orthopedic surgeon and X-rays were taken. Pursley's primary injury was a fracture of the upper third of the left femur which is a thigh bone. His primary disability is in the knee with a circulatory problem with the foot and leg. Dr. Donnell testified that he brought all the X-rays with him "from Hendrick Hospital and from my office". An X-ray of Pursley's left femur made at the time the doctor first saw Pursley was offered in evidence and the doctor was asked if this X-ray was taken under his direction, supervision and control and he said, "Not directly, because it was made under the direction of the radiologist at Hendrick Hospital." He testified the X-ray technicians at Hendrick were qualified to take X-ray pictures of various portions of the anatomy of injured people and they were supervised by a qualified radiologist. Dr. Donnell was asked the following question: "And do the X-rays taken there in the emergency room of Mr. Pursley correctly portray that portion of his anatomy? and he answered "Yes."

Plaintiff's exhibit 11 was an X-ray of his left leg taken at the time he entered the hospital. Texaco objected to the introduction of this exhibit for the reason:

"A proper predicate hasn't yet been laid. Identification is not clear, and et cetera. Proper predicate hasn't been laid. We object to it."

Texaco contends the court erred in overruling its objection.

In *Federal Underwriters Exchange v. Cost,* 132 Tex. 299, 123 S.W.2d 332 (1938), the court said:

" . . . The objection made was that the proper predicate had not been laid for their introduction. The proof as to the identity and correctness of the photographs was sufficient as a predicate for their admission, especially in view of the vague objection made."

In *Texas Indemnity Insurance Co. v. Phillips,* 153 S.W.2d 503, (Tex.Civ.App.—Galveston 1941, writ dism'd), the court said:

"It is the established rule in this state that X-ray photographs of an injured person are not admissible in evidence without proof or admission by the parties that they are in fact X-ray photographs of the body of the injured person and that they are correct portrayals of his injuries."

The hospital records containing reports of X-rays of Pursley's injuries are in evidence without objection.

■ We hold proper proof was made for the introduction of the X-rays. If we are in error in this holding, then we find Texaco has failed to discharge its burden of showing such error was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Rule 434, T.R.C.P.

■ Texaco's final point asserts the court erred in permitting Pursley to change the answers in his deposition at the time of trial and substituting for the answers given at the time of his deposition hearsay answers.

In Pursley's deposition, he made certain responses to questions regarding the condition of the filter and what he observed prior to the time the filter fell on him. A few days prior to trial before signing his deposition, Pursley made some changes.

The deposition was taken under a stipulation that did not provide for the waiver of the witness' signature.

Pursley contends the changes he made in his answers are authorized by Rule 209, T.R.C.P., which reads in part as follows:

" . . . Any changes in form or substance which the witness desires to make shall be entered upon the deposition by the officer with the statement of the reasons given by the witness for making them. The deposition shall then be signed by the witness, unless the parties by stipulation waive the signing or the witness is ill or cannot be found or refuses to sign."

Texaco introduced the original answers made by Pursley in his deposition and his amended answers. The amended answers were introduced for the limited purpose of showing the changes made and not for the truthfulness of the changes.

In *Hernandez v. Heldenfels*, 374 S.W.2d 196 (Tex.1963), the court said:

"The circumstances concerning the taking of this deposition are unusual to say the least. On September 15, 1955, four months after the suit was filed, Hernandez' oral deposition was taken and the questions and answers transcribed upon 118 typewritten pages. Hernandez, however, did not immediately sign the deposition. When ordered to do so by the trial judge he signed the same but submitted an affidavit in connection therewith stating in substance that he was confused as to some of the questions and answers. This occurred on December 2, 1958, over three years after the deposition was taken. On January 6, 1959, the judge ordered the affidavit stricken but allowed Hernandez to make line by line changes in his answers contained in the deposition. Hernandez made over a hundred changes in his deposition answers and referred to a statement which was not attached to the deposition as giving his reasons for making such changes. Upon the trial, the presiding judge allowed both the original answers and the corrected answers to be read to the jury. He also permitted a portion of the affidavit theretofore stricken to be read to the jury, apparently upon the theory that the statement purported to explain the changes made by Hernandez. It further

appears that Hernandez was treated for a mental condition diagnosed as schizophrenia. He was in a state hospital at the time of trial and respondents filed a second motion for a continuance in the case supported by an affidavit of a physician stating that in his opinion Hernandez' mental condition in a month's time would be such that he could appear and testify personally. Respondents argue that in view of the numerous changes made in the deposition by Hernandez, he should have been made available for cross-examination if possible and that consequently the refusal of the court to grant the second continuance constituted an abuse of discretion.

In our opinion none of the complaints with reference to the deposition and the refusal to grant a continuance present a case of reversible error."

It was the jury's responsibility to pass on the credibility of Pursley's deposition testimony. We hold Pursley was authorized to make the changes before signing his deposition.

We have considered all of Texaco's points and find no merit in them. They are overruled.

The judgment is affirmed.