FANNIE R. CLARKSON v. CYRUS WHITAKER.

No. 1425.

**1. Evidence—Harmless Error.**

Error in admission of evidence is not ground for reversal, where same proof was made by other witnesses without objection.

**2. Same—Transaction with Decedent.**

In a suit against survivor of community upon contract alleged to have been made by plaintiff with deceased, plaintiff being prohibited from testifying, evidence by a third party that he was negotiating with deceased prior to his death, with reference to a similar contract about the same subject matter, may be admitted as a circumstance to support plaintiff's claim.

**3. Damages—Profits of Contract.**

Where plaintiff and deceased contracted for purchase of land in name of deceased, and a division of the profits of the venture upon its sale, the measure of plaintiff's damages for the refusal of surviving wife of deceased, administering the community estate, to carry out such contract was not restricted to the value of the services rendered by him; he could recover the profits of his venture under the contract, estimated on the basis of the value of the land at the time of the refusal of the representative of deceased to carry it out.

**4. Same—Charge.**

See charge of court presenting foregoing measure of damages, held not subject to the objection that it did not allow defendant credit in the division of profits, for interest on the purchase money notes given for the land.

**5. Contract by Deceased—Proof.**

See evidence of declarations of deceased held sufficient to establish the contract by heir.

APPEAL from Falls. Tried below before Hon. S. R. SCOTT.

*Rice & Bartlett,* for appellant.—1. It is a cardinal principle of evidence that the testimony must be confined to the issue between the parties, and it was error for the court to admit in evidence independent facts dissimilar in their nature and effect, or to admit in evidence col-

lateral facts where the connection with the principal fact is remote and conjectural, nor can one or his representative be affected by transactions, to which he was not a party; and the admission of such irrelevant testimony is ground for reversal where it is apparent that it influenced the jury. The plaintiff was allowed to prove by witness L. W. Goodrich that long prior to the purchase of the tract of land by B. B. Clarkson, he, plaintiff and said Clarkson entered into negotiations whereby they should jointly purchase the Aldredge place, the tract of land in controversy. The defendant objected to the introduction of the testimony of Goodrich on the ground that it did not tend to sustain such a contract as is set up between the plaintiff and B. B. Clarkson, and does not tend to sustain any issue in this case and was impertinent and irrelevant testimony and testimony calculated to prejudice the defendant's rights on the trial of this case; these objections were likewise overruled by the court, to which the defendant excepted. 1st Greenleaf Ev., secs. 50, 51 and 52; Mimms v. Mitchell, 1 Texas, 443; Rice on Ev., vol. 1, p. 509, et seq.; Dewees v. Bluntzer, 70 Texas, 408; Hoxie v. Silliman, 29 S. W. Rep., 813.

2. The court erred in refusing the special instruction asked by the defendant to the effect that in view of the fact that plaintiff has not sold or contracted for a sale or negotiated a sale of the lands described in plaintiff's petition, nor awaited a sale of such lands, and has seen fit to regard the alleged contract between him and B. B. Clarkson broken, that if the jury find such a contract entered into between him and B. B. Clarkson then, they will find in favor of plaintiff for the reasonable value of his services rendered under said contract up to the time the proof may show said contract was finally repudiated by defendant, in managing and controlling said premises, in preventing trespasses thereon, in making repairs thereon, in renting, surveying and selling same.

Where plaintiff and defendant enter into a contract to buy a tract of land for speculation, by the terms of which defendant is to furnish the purchase money and plaintiff is to give his time and services in managing, selling, renting and surveying same, and the profits when all of said land is sold to be equally divided between them, if plaintiff fails to show a full performance of his contract and should elect to declare said contract broken and should bring action for breach of such contract, plaintiff can only recover for the value of his services rendered; he cannot have an entire recovery under said contract as though fully and wholly performed by him. Railway v. Shirley, 45 Texas, 379; U. S. v. Speed, 8 Wall., 77; Sutherland on Damages, vol. 2, p. 516, et seq.; Meade v. Rutledge, 11 Texas, 50-51; Sedgwick on Damages, sec. 226.

3. The court erred in its general charge to the jury in defining the measure of damages, in that part thereof as follows:

"First ascertain what was the reasonable cash market value of the land in controversy at the time of the repudiation of plaintiff's rights (if any) and from that amount so ascertained you will deduct the amount of purchase money and all necessary expenses paid by either B. B. Clarkson

·or Mrs. Fannie R. Clarkson for said land and the balance remaining (if any) should be divided equally and one-half would be what plaintiff would be entitled to recover, provided said amount so ascertained does not exceed $4000."

This charge is erroneous in that it fails to direct a finding of interest on the purchase money paid by B. B. Clarkson for the land for nearly four years, amounting to about $3200, one-half of which under the allegations of plaintiff's petition was refundable to said B. B. Clarkson and the defendant in this suit; and the court erred in not instructing the jury that the $1000 paid by defendant to John Rouse and plaintiff was not an expense which should also have been considered in a deduction in their findings. Green v. Railway, 79 Texas, 605; Railway v. Greenlee, 62 Texas, 349; Railway v. Hardy, 61 Texas, 231; Railway v. Shirley, 45 Texas, 375.

4. The court erred in overruling defendant's motion for a new trial because the verdict of the jury is clearly and manifestly against the evidence in that the evidence failed to show a contract between plaintiff and B. B. Clarkson such as alleged in plaintiff's petition, and because the evidence showed an unqualified and absolute title in B. B. Clarkson, the deceased, husband of defendant, and the evidence is too uncertain, vague and indefinite for the plaintiff to annex by parol testimony any character of trust or interest on the tract of land mentioned in plaintiff's petition. Von Harten v. Courtade, 35 Texas, 434; Railway v. Preston, 74 Texas, 181; Rev. Stats., art. 4171; Hall v. Layton, 16 Texas, 280; Grace, Admr., v. Hanks, 57 Texas, 14; King v. Gilleland, 60 Texas, 274.

*Martin & Eddins*, for appellee.—1. Direct evidence as to the contract between plaintiff and the deceased being excluded under article 2248, R. S., it was proper to admit all circumstances which would throw any light upon the issues, as the next best evidence of which the case was capable. The testimony, therefore, of Levy and Goodrich was competent and relevant to show the attitude of the plaintiff toward the particular land in controversy, and his fixed intent and persistent purpose to derive some benefit from his superior knowledge of the land and opportunities for handling the same. Horton v. Reynolds, 8 Texas, 288; Rule 6 under article 2245, Rev. Stats.; Lewy v. Fischl, 65 Texas, 318; Railway v. Matula, 79 Texas, 580.

2. The admission of evidence over our objection, even when the objection should be sustained, is harmless error when other evidence to the same effect has been admitted without objection. Crosby v. Cotton, 5 Texas Civ. App., 583.

3. The testimony of Judge Goodrich was relevant and competent because it related to a conversation or negotiation that took place between the intestate, Clarkson, and the plaintiff Whitaker concerning this identical tract of land which was not consummated at that time because the plaintiff declined to accept only a third interest.

4. The witness Patrick having testified to the admissions of Clark-

son, both as to the fact that Whitaker was interested with him in the land, and also as to the nature or extent of the interest, the circumstances detailed by Goodrich and Levy were relevant to corroborate and support Patrick.

5. The special instruction requested by defendant as to the measure of damages was properly refused by the court because it did not state the proper measure of damages in this class of cases.

6. The special charge referred to was properly refused by the court because it not only invades the province of the jury by assuming certain facts as proven which were in issue by the pleading and evidence, but makes this assumption against the weight of the evidence, if not, indeed the uncontradicted evidence.

7. The interest stipulated for in a note or other obligation for purchase money of land, is, by every reasonable intendment, a part of the "purchase money" and under the expression used in the charge, viz.: "Amount of purchase money and all necessary expenses paid by either B. B. Clarkson or Mrs. Fannie R. Clarkson for said land," the jury could not have failed to understand that interest was included.

8. If the charge was not as full and explicit as it ought to have been, the defendant should have asked a special charge supplying the omission. This was not done.

9. It does not, and cannot be made to appear from the record that the supposed omission in the charge worked any injury to the defendant. The charge is prejudicial to the appellee rather than the appellant, for although the jury are told to credit appellant with the entire amount of the purchase money and all the expenses paid by her or her husband, she is not charged with the profits nor is the appellee allowed any share therein. The charge is also unjust to appellee in making the cash market value of the land the criterion.

10. This suit is not an attempt to engraft a trust upon, nor to assert any interest in the tract of land referred to in the petition; but it is a suit for damages for breach of contract.

11. The evidence was amply sufficient to warrant and support the verdict.

KEY, ASSOCIATE JUSTICE.—The nature and result of this suit are thus stated in appellant's brief. "On December 20, 1893, Cyrus Whitaker filed suit in the District Court of Falls County against Fannie R. Clarkson, as survivor of the community estate of herself and B. B. Clarkson, deceased, for damages for breach by defendant of a contract alleged to have been made between plaintiff and B. B. Clarkson prior to his death, which occurred on April 16, 1891.

"Plaintiff alleged that prior to the purchase by B. B. Clarkson of a large body of land in Falls County, it was agreed and understood between them that said land should be bought for the purpose of speculation; and that said Clarkson should advance and furnish the purchase money; and that the plaintiff should contribute his time and services in

the management and control of said premises, in preventing trespasses thereon, in making repairs, and in renting, leasing, surveying and selling same; and that, on final settlement, when all of said land was sold, then the net profits were to be equally divided between them; that is to say, after deducting the cash payment of $250 paid by Clarkson, and the face of two obligations for $5262.80 and $3456, given by said Clarkson for said land, and one-half of the interest on said last named obligation, and all necessary and reasonable and proper expenses in managing, leasing and selling said premises, then one-half of the profits should belong to plaintiff and one-half to said Clarkson. Plaintiff alleges that in pursuance of said contract said Clarkson did on the 14th day of March, 1891, purchase said land, taking the deed in his own name and paying thereof the said sum of $250 cash and executing his two obligations as above stated for the balance; that plaintiff, in the performance of his duty under said contract, did immediately take charge and control of said premises, and devoted his time and efforts in faithfully carrying out his contract during the life of said B. B. Clarkson and until he was forbidden, hindered and prevented by the defendant herein; that while said Clarkson only bound himself to pay the said sum of $8968.80 for said land, yet the same was and is now worth the sum of $16,500; and that it was in recognition of services performed by plaintiff in informing him of the opportunity of buying this tract of land that he was induced to give him one-half of the net profits arising therefrom. Plaintiff further alleged that at the time of the purchase by said Clarkson, he and one Rouse were in possession of the premises by virtue of a lease for a term of five years, ending on December 31, 1893, and that it was agreed between plaintiff and Clarkson that plaintiff should surrender his rights under said lease and assist in acquiring the lease of said Rouse; that after the death of said Clarkson, the defendant, with the assistance of plaintiff, bought out said Rouse's interest, and that plaintiff did at the same time surrender his rights thereunder, believing that plaintiff would carry out the contract theretofore made; but that shortly thereafter the defendant refused to recognize the above contract, and refused and does still refuse to allow plaintiff to have anything to do with said land and denies plaintiff's rights thereunder, to plaintiff's damage $3000. Plaintiff alleges that, but for the refusal of said defendant to recognize plaintiff's rights under said contract, said land could have been sold, and the net profits and revenues therefrom would amount to more than $8000; that plaintiff's services from the 14th day of March, 1891, to the —— day of ——————, 1893, are reasonably worth the sum of $100 per month; that his right under said lease surrendered to defendant was reasonably worth the sum of $1500, and by reason of the breach of said contract plaintiff has been further damaged in the sum of $4000.

The appellant filed a general exception and general denial. Trial was had on February 26, 1895, which resulted in a verdict in favor of plaintiff for $2150, and judgment was entered accordingly."

In view of the verdict, and the testimony tending to sustain it, we find the following conclusions of fact:

1.  The contract sued on was made and repudiated and breached, as alleged in the plaintiff's petition.

2.  Up to the time of said repudiation of the contract by appellant appellee had performed his part thereof.

3.  The amount awarded to the plaintiff by the verdict is amply sustained by the testimony. That is to say; applying the evidence to the rule given in the court's charge for the measure of damages, shows that the plaintiff is entitled to recover as much as the verdict allows him.

*Opinion.*—1.  If any error was committed in allowing the witness Levy to testify concerning a previous agreement between himself and the plaintiff to purchase the land together, it affords no ground for reversal, because the plaintiff, without objection by the defendant, testified, in substance, to the same facts. Therefore, the same facts being proved without objection by another witness, the error, if any, is now harmless.

2.  The testimony of Judge Goodrich was properly admitted. Clarkson being dead, Whitaker could not testify himself to the contract sued on; and there being no witness to it, any circumstance tending in any degree to support Whitaker's contention was admissible. This evidence showed that prior to Clarkson's purchase, he and Whitaker were negotiating with each other, with a view to buying the land together.

3.  The third assignment of error asserts the proposition that, notwithstanding the contract and its repudiation by appellant, appellee is only entitled to recover the value of his services rendered under the contract up to the time of its repudiation. We cannot assent to this measure of damages. By the terms of the contract it was intended that appellee should participate equally in whatever benefit might result from the land then, or in future, being worth more than it cost; and this right cannot be curtailed by the wrongful conduct of appellant.

4.  Upon the measure of damages the court instructed the jury thus: "First ascertain what was the reasonable cash market value of the land in controversy at the time of the repudiation of plaintiff's rights (if any), and from that amount so ascertained you will deduct the amount of purchase money and all necessary expenses paid by either B. B. Clarkson or Mrs. Fannie R. Clarkson for said land, and the balance remaining (if any) should be divided equally, and one-half would be what plaintiff would be entitled to recover, provided said amount so ascertained does not exceed $4000." It is complained that the effect of this charge was to exclude from consideration the interest paid on the purchase money notes. We think the court intended and the jury understood the words "purchase money" to include both principal and interest. Besides, if the charge had been worded as appellant contends, it is not probable that the result would have been otherwise; because, giving to the evidence bearing on the measure of damage the construction most

favorable to appellant, it is difficult to see how, without disregarding uncontroverted proof, the verdict could have been for a less amount.

5. The fifth and last assignment of error is disposed of by our findings of fact. While it is true that no eye witness to the contract was produced, the evidence of W. A. Patrick shows that B. B. Clarkson admitted to him that he and Whitaker had bought the land together, substantially as claimed by the latter; and there was other evidence tending to sustain the plaintiff's theory.

The judgment is affirmed.

*Affirmed.*

Delivered February 5, 1896.