## HOM–OND FOOD STORES v. VOIGT.
### No. 10278.

Court of Civil Appeals of Texas. San Antonio.

March 30, 1938.

Rehearing Denied April 27, 1938.

R. H. Mercer and Hayden C. Covington, both of San Antonio, for appellant.

Carter & Lewis, H. C. Carter, Randolph L. Carter, and Champe G. Carter, all of San Antonio, for appellee.

SMITH, Chief Justice.

Walter Lee Voigt recovered judgment against Hom-Ond Food Stores for dam-

ages for personal injuries, and the latter has appealed.

It appears from the record that appellant's store sets back some distance from the street, with a paved parkway in front, for the convenience of customers of the store. The street and parkway merge, obliterating the curb line. An awning, in the form of a drop curtain, is maintained at the front of the store, as a protection against the evening sun. When let down for this purpose an awning pole weights down the suspended curtain. In order to prevent the awning from "flapping" in passing breezes, and hold it rigid, it is necessary to strap its end to upright awning supports. The situation is a familiar one.

On the occasion here involved, as appellee approached the entrance to appellant's store, she was struck in the eye and face and injured by the projecting end of the awning pole, which, not being strapped to the post, was swinging loose in the breeze. It was for this injury that appellee recovered in this suit.

The jury found that (1) the awning pole was low enough to come in contact with appellee's head, (2) was placed there by appellant, and (3) did come in contact with her head; (4) that appellant knew the position of the pole in time to have removed it and avoided the accident, but (5) failed to do so; (6) that appellant failed to secure the pole so as to prevent its swinging out of line; (7) that appellee did not fail to keep a proper lookout, or (8) to look where she was going or walking; (9) that she was not negligent in walking in the parkway for automobiles, or (10) in the space where she was walking; (11) that the act of the breeze in swaying the awning pole was not the sole proximate cause; and (12) that the accident was not unavoidable. The jury found that the acts of appellant each constituted negligence and was a proximate cause of appellee's injuries. The verdict was for $3,500.

▮ Appellant moved, in general terms only, for a directed verdict, and in its first assignment of error complains, in like general terms, of the court's rejection of that motion. Appellant moved the court, simply, "to instruct the jury * * * to return a verdict in favor of the defendant." And in its motion for new trial, and its first assignment of error, it is asserted, simply and in equally general terms, that "the trial court erred in overruling and in not sustaining defendant's motion for instructed verdict." It is quite obvious that this assignment of error is not sufficient to raise a question, or support a proposition on appeal, of the effect or sufficiency of the evidence upon any specific issue in the case. In its first proposition, for example, appellant contends that the evidence "undisputably established and proved" that the wind or breeze caused the awning pole to sway and that "such act of swaying caused by the wind or breeze was the new and independent cause of" appellee's injuries. That contention was not made in appellant's motion for judgment, or motion for new trial, below, but is raised here for the first time, in its first proposition of law. If appellant intended to raise or rely upon that contention on appeal, it was its duty to present it to the trial judge in order that he might have opportunity to avoid the error, if any. Appellant's first proposition is not entitled to consideration on appeal, for the reasons stated. Moreover, it is obvious from the record that the proposition is without merit. The issue involved was one of fact, and, according to appellant's own contention, was disputed, and the jury's finding thereon is binding upon this court. We overrule appellant's first proposition, and, for like reasons, its second. The latter, for the first time, now presents the contention that the evidence established appellee's contributory negligence as a matter of law. That issue was properly submitted, upon disputed evidence, and was resolved by the jury against appellant.

▮ In its third, fourth, fifth, and sixth propositions appellant contends, in one form or another, that appellee's pleadings were not sufficient to authorize the submission of the issue of appellant's knowledge of the loose condition of the awning at the time of the accident. We overrule those propositions. We are of the opinion that, in the absence of special exceptions, or objection to relevant testimony, appellee's allegations, that appellant negligently "caused" and permitted" the awning in question to be and remain in the dangerous position in which appellant maintained it, were sufficient to warrant the submission of said issue, as against the general objection that "there are no pleadings to support the giving of such issue."

984

In its seventh proposition appellant complains of the submission of the issue of whether appellant "placed said awning pole in a position low enough to come in contact with plaintiff's head," upon the ground that "there is no evidence to support the giving of said issue." The proposition is based upon an assignment of error couched in the same language. It is obvious that the assignment of error, and the proposition as well, are too general to invoke a ruling upon the question of the sufficiency of the evidence to support a submitted issue. Appellant frankly concedes this to be true when it states in its brief that "to show that the evidence did not raise or justify the submission of this issue would require a copying of all of the entire statement of facts herein." The assignment of error is waived by its mere generality. But, appellee has brought forward in her brief a sufficient statement of the evidence upon that issue to warrant its submission, and the jury's finding thereon. We overrule appellant's seventh proposition, and, for like reasons, its eighth.

The trial judge submitted special issue No. 10 in the following form: "(10) Do you find from a preponderance of the evidence that the defendant maintained said awning so the pole could be lowered to such position as to come in contact with plaintiff's head,—that is, if you have found that it was in such position? Answer 'Yes' or 'No.'" The jury answered the question in the affirmative and found the act was negligent and a proximate cause of the accident.

In its ninth and tenth propositions appellant complains of that submission upon the grounds that said issue was "an evidential issue and not one of ultimate fact upon which a judgment could be based," and was "immaterial and irrelevant." We overrule those propositions. Even if it should be held that the issue was "evidential" and "irrelevant and immaterial," as contended by appellant, yet the giving of it does not show reversible error. The findings on that issue and its subsidiary issues constituted an independent basis for the judgment, it is true, but there were other and sufficient grounds for judgment, which should stand, regardless of the matters here complained of.

The court submitted special issue No. 13 as follows: "(13) Do you find from a preponderance of the evidence that on the occasion in question the defendant failed to secure the awning pole so as to prevent the pole from swinging?"

In its eleventh, twelfth, thirteenth, and fourteenth propositions appellant complains of that issue upon the grounds that it was "a charge upon the weight of the evidence, assuming" that the pole "did swing," that it "was swinging at the time of the accident," and that appellant "or its employees had knowledge or notice of said swaying or swinging of said awning." We are of the opinion that the issue as submitted was not subject to those objections, and accordingly overrule said propositions.

In its fifteenth proposition appellant complains of the refusal of its requested special issue requiring the jury to find if appellee "failed to walk down her right-hand side of the side walk." The ultimate relevant question (which encompassed the evidentiary issue requested by appellant) was whether appellee was negligent in walking in the space she was traversing when injured. That issue was submitted, without objection presented here by appellant, and was a sufficient presentation of the ultimate issue. It would have been improper for the trial judge to single out each section of the walk or sidewalk and ask the jury if appellee negligently failed to walk therein on the occasion in question, as appellant would have him do. The issue was fully covered in those submitted by the court, and we overrule appellant's fifteenth proposition, as well as its sixteenth, seventeenth, and eighteenth, for like reasons. Even if appellant's requested issues were in proper form, which is doubtful, it was proper to refuse them in view of the submission of the same issues in other and proper forms, without objection.

In its nineteenth proposition appellant contends that the preponderance of the evidence was against the jury finding that appellant "failed to secure the awning pole so as to prevent the pole from swinging." We overrule the proposition. The evidence amply supported the finding. Appellant's twentieth proposition is overruled as hypercritical, and without merit. It's twenty-first proposition is a complaint that the verdict was excessive in amount. We overrule the proposition.

The judgment is affirmed.