## SOUTHERN UNDERWRITERS et al. v. WELDON.

### No. 11059.

Court of Civil Appeals of Texas. Galveston.

June 27, 1940.

Rehearing Denied Aug. 1, 1940.

Will R. Saunders, of Dallas, and Simpson, Dorenfield & Fullingim, of Amarillo (Claude Williams, of Dallas, of counsel), for plaintiffs in error.

Schlesinger, Schlesinger & Goodstein and Charles J. Lieck, all of San Antonio, for defendant in error.

MONTEITH, Chief Justice.

This is an appeal in a compensation suit brought by defendant in error, M. B. Weldon, who will be referred to as appellee, against plaintiffs in error, Southern Underwriters and Underwriters Employers Casualty Company, referred to herein as appellants, to set aside an award of the Industrial Accident Board and to recover compensation for total and permanent incapacity alleged to have been the result of an injury sustained by him on June 24, 1938, in the course of his employment with S. J. Moore & Sons, who carried compensation insurance with appellants.

Appellants answered by general demurrer, exceptions, and a general denial.

In answer to special issues submitted, the jury found that appellee sustained an injury to his back on or about June 24, 1938, as the result of a strain received while working with road machinery for S. J. Moore & Sons; that he was totally incapacitated; that such total incapacity was permanent and not temporary; that it was not partial; and that it was not solely caused by an arthritic condition which existed prior to appellee's injury.

Based upon the answers to said special issues, judgment was rendered in favor of appellee against appellants for 401 weeks compensation at $20 per week, reduced to a lump sum.

Appellants contend that no proper predicate was laid for the admission of certain X-ray photographs introduced by appellee, for the alleged reason that it was not shown that they were properly taken or correctly developed, or that they correctly portrayed the subject matter thereof.

The record shows that some four months after appellee's alleged injury he consulted Dr. J. C. Hull, who later took X-ray photographs of appellee to further study his injuries. Six of these photographs were introduced by appellee. Appellants objected to the introduction of photographs marked Exhibits 1 to 4, inclusive, on the ground that they were irrelevant and immaterial and without proper predicate being laid to admit them. This objection was overruled, to which appellants excepted.

Dr. Hull testified that all of said photographs were taken in his presence and that he saw them developed; that his training called for him to examine X-ray photographs and to interpret them; that he had done this in the treatment of patients, and that it was part of his medical training, and that he could interpret the photographs and tell the jury what they showed. He afterwards testified that the photographs showed an osteo-arthritis in the last lumbar vertebrae and sacrum, and in the articulation upon the sacrum, and that this indicated osteo-arthritis in the sacro-illiac region.

Appellants objected to the introduction of X-ray photographs marked Exhibits 5

576

and 6, for the reason that there were no pleadings to support them and that they had not been sufficiently identified, and that no proper predicate had been laid to make them admissible, or to authorize a reading or introduction of them. This objection was overruled. No exception is shown by the record to have been reserved by appellants to the court's action in overruling the objection. Dr. Hull testified that he saw the arthritis in Exhibits 5 and 6, as in previous pictures. These facts were later brought out more fully by appellants in their cross-examination of Dr. Hull.

■ Under the above facts, we think that a proper predicate was laid by appellee for the introduction of said X-ray photographs, and that the objections and exceptions made to the testimony in reference to them were not sufficient to apprise the court or opposing counsel of the grounds on which the objections were based.

■ It is the general rule in this state that, where a party objects to the introduction of exhibits, he must state clearly and specifically the grounds upon which his objections are based at the time the exhibits are offered in evidence, so that the objections may be understood by the court and so that opposing counsel may have an opportunity of removing the objections made thereto, if they are capable of being removed, by other evidence. Our courts have further held that an objection to the introduction of testimony is waived on appeal by the failure to state the grounds on which the objection is based, and that failure to except to the action of the court in overruling objections to the introduction of testimony constitutes a waiver thereof. Campbell v. Paschall, 132 Tex. 226, 121 S.W.2d 593; Bankers Life v. Butler, Tex.Civ.App., 122 S.W.2d 1077; Garza v. Wilkinson, Tex.Civ.App., 129 S. W.2d 839.

■ Further, it is uniformly held that X-ray photographs of parts of the body are properly admitted in evidence when it is shown that the witness personally took or assisted in taking them, that they were taken in accordance with recognized standards of taking such photographs, and that they had been continuously in the possession of the witness. Federal Underwriters Exchange v. Cost, 132 Tex. 299, 123 S. W.2d 332; Houston & T. C. Ry. Co. v. Shapard, 54 Tex.Civ.App. 596, 118 S.W.

596; Utilities Indemnity Exchange v. Burks et al., Tex.Civ.App., 7 S.W.2d 1112.

Appellants assign error in the failure and refusal of the trial court, upon their request, to define the term "permanent" and to incorporate the definition in the court's charge.

■ This question has been recently decided in the case of Metropolitan Ins. Co. v. Wann, Tex.Civ.App., 81 S.W.2d 298, in which it was held that it was not necessary to define the word "permanently" in connection with a special issue submitted to the jury. The court in its opinion stated that such term is not defined by any statute and is one in common use and of well known meaning, and that therefore a definition of it was not necessary to enable the jury to properly pass upon and render a verdict on such issue within the requirement of Art. 2189 of the Revised Statutes. This holding was based on the opinion in the case of Bankers Lloyds v. Pollard, Tex.Civ.App., 40 S.W.2d 859, in which a writ of error was refused by the Supreme Court, in which it was held that the court did not err in refusing to define the word "permanent". Consolidated Underwriters v. Lee, Tex.Civ.App., 107 S.W.2d 482; Traders & General Ins. Co. v. Ray, Tex. Civ.App., 128 S.W.2d 80; Traders & General Ins. Co. v. Boyd, Tex.Civ.App., 121 S.W.2d 463; Federal Underwriters v. Simpson, Tex.Civ.App., 137 S.W.2d 132.

■ Appellants assign error in the action of the court in submitting to the jury special issue No. 6 of the court's charge, which reads: "Do you find from a preponderance of the evidence that such total incapacity, if any, was temporary", it being their contention that such issue erroneously placed the burden of proving that such incapacity was temporary upon them, rather than placing the burden upon appellee of proving that such incapacity was not temporary. This assignment cannot be sustained.

The record shows that in addition to special issue No. 6 above referred to, the court submitted to the jury special issues Nos. 26, 27, and 28, in each of which the question of temporary incapacity was submitted in a negative form, as requested by appellants in their specially requested issues Nos. 4, 5, and 6.

Further, the exact question here presented has been decided by the Supreme Court in the case of Wright v. Traders &

General Ins. Co., 132 Tex. 172, 123 S.W.2d 314, 316, contrary to appellants' contention. In passing on the question the court says: "Should it be submitted [the issue in reference to plaintiff's incapacity] in one issue, stated affirmatively; or in two issues, one in affirmative and the other in negative form? * * * The issue affirmatively phrased correctly submits plaintiff's alternative basis of recovery and at the same time accords defendant an affirmative submission of its ground of defense. The burden of proof is not misplaced by an affirmative statement of the issue, as the defendant has the burden of establishing by a preponderance of the evidence its defense of partial incapacity. Nor has defendant any just ground of complaint to its submission affirmatively. It is no more onerous for defendant to establish the fact of partial incapacity by an inquiry stated affirmatively than it would be to establish the same fact by an inquiry phrased negatively. * * * No reason is apparent why the finding of the jury upon the issue affirmatively submitted cannot justly serve the diverse purposes of plaintiff and defendant."

The rule laid down in the Wright case has been followed in the cases of National Indemnity Underwriters v. Blevins, Tex. Civ.App., 129 S.W.2d 734; Southern Underwriters v. Stubblefield, Tex.Civ.App., 130 S.W.2d 385; Traders & General Ins. Co. v. Porter, Tex.Civ.App., 124 S.W.2d 900, 902.

Appellants assign error in the failure of the trial court to submit to the jury their specially requested issue No. 1, which reads: "Do you find from a preponderance of the evidence that the plaintiff is suffering from any disability to work and labor which is not due to an arthritic condition existing prior to June 24, 1938", for the alleged reason that such issue was a defensive issue and that it was raised by the evidence.

■ While the evidence in this case clearly raises the issue that appellee was suffering from an arthritic condition in his back prior to the date of his injury, the record shows that the question presented by appellants' requested issue was submitted to the jury in substantially the same form in special issue No. 22 of the Court's charge, which reads: "Do you find from a preponderance of the evidence that plaintiff's incapacity (if any you have found) is not solely caused by an arthritic

condition, if any, existing before June 24, 1938, disconnected with an injury, if any, sustained by him on June 24, 1938, while working for S. J. Moore & Son?"

This issue not only submits to the jury the question as to whether appellee was suffering from disability caused by an arthritic condition which existed prior to his injury, but it submits the ultimate issue as to whether this arthritic condition was the sole cause of his disability. The issue requested by appellants does not call for a finding as to sole cause, therefore no judgment could have been based on an answer thereto.

■ While it is now the settled law that either party to any action is entitled to have submitted to the jury any fact or group of facts which would constitute a complete ground of recovery or a complete defense, if supported by pleadings and evidence, it is neither necessary nor proper to submit the same issue in different form or language. Allcorn v. Ft. Worth & R. G. Ry. Co., Tex.Civ.App., 122 S.W.2d 341; Jordan v. Morten Investment Co., 127 Tex. 37, 90 S.W.2d 241; Hom-Ond Food Stores v. Voigt, Tex.Civ.App., 115 S.W.2d 981; City of Winters v. Bethune, Tex.Civ.App., 111 S.W.2d 797.

■ Further, it is now the settled law that the fact that a compensation claimant was partially incapacitated from disease prior to the time he received an injury for which compensation is sought, would not prevent him from recovering compensation for the full amount, which, under the law, he was entitled to receive without reference to the disease. Texas Employers Ins. Ass'n v. Parr, Tex.Com.App., 30 S.W.2d 305.

Appellants assign error in the action of the trial court in overruling their objections to the court's definition of "total incapacity" and in refusing to include in his definition of that term the additional provision that a person would not be totally incapacitated if, taking into account the nature of the physical injury, the occupation and suitableness of the injured employee to do some other kind of work than that in which he was engaged at the time of the injury, and his age at the time of the injury, such employee could do and perform other types or kinds of work than that in which he was engaged at the time of the injury in such a manner as to obtain and retain employment in such type of work.

The court gave the following definition of "total incapacity": "You are instructed that 'total incapacity' as used does not mean an absolute inability to do any kind of work, but means that one must be so disabled that he cannot perform the usual tasks of a workman to the extent that he can obtain and retain employment."

The definition given by the court follows substantially the definition of the term heretofore approved by our courts where similar contentions have been made. Federal Underwriters Exchange v. Simpson, Tex.Civ.App., 137 S.W.2d 132; Southern Underwriters v. Stubblefield, Tex.Civ. App., 130 S.W.2d 385; Traders & General Ins. Co. v. Porter, Tex.Civ.App., 124 S.W.2d 900; Texas Employers Ins. Ass'n v. Brock, Tex.Com.App., 36 S.W.2d 704. This contention of appellants is therefore overruled.

We have fully considered all other propositions presented in appellants' brief. None of them, in our opinion, show reversible error. The judgment of the trial court will, therefore, be in all things affirmed.

Affirmed.