### TEXAS INDEMNITY INS. CO. v. DESHERLIA.

### No. 6124.

Court of Civil Appeals of Texas. Amarillo.

Jan. 15, 1951.

Sentell, Beene & Rosser, Snyder, for appellant.

Bob Huff, Lamesa, and W. C. Huffaker, Jr., Tahoka, for appellee.

MARTIN, Justice.

This is an appeal in a workmen's compensation suit tried before a jury on special issues wherein the appellee, W. E. Desherlia, recovered judgment in the trial court as against the appellant, Texas Indemnity Insurance Company, in the amount of $8,412.93.

The appellant perfected an appeal from the trial court's judgment and its allegations of error may be grouped under two points: (1) Asserted error of the trial court in admitting in evidence plaintiff's two X-ray photographs shown as Plaintiff's Exhibits 1 and 2; (2) asserted error of the trial court in overruling appellant's objections and exceptions to the court's charge, Nos. 3A and 4, and refusal of the trial court to submit Defendant's Requested Special Issue No. 1 and Defendant's Requested Special Issue No. 2.

As to the points relied on for reversal, appellant's first point is that the trial court erred in permitting the appellee's counsel to introduce in evidence two X-ray photographs over defendant's objection "that such X-rays had not been properly identified."

The plaintiff in the trial court placed on the stand and qualified a Dr. Cross as an expert witness. Dr. Cross testified that plaintiff's X-ray pictures received in evidence were made in his hospital by a certified technician and were kept in his hospital until brought to court. Dr. Cross further testified, "they were made at my instruction and under my direction. * * * They truly and correctly portray that part

of Mr. Desherlia's anatomy that they purport to."

■ The predicate for admission of X-ray photographs is not set forth in entirely uniform language in the various cases. Southern Underwriters et al. v. Weldon, Tex.Civ.App., 142 S.W.2d 574, 576, holds: "It is uniformly held that X-ray photographs of parts of the body are properly admitted in evidence when it is shown that the witness personally took or assisted in taking them, that they were taken in accordance with the recognized standards of taking such photographs, and that they had been continuously in the possession of the witness."

Following closely the authorities, it should be further shown that such X-ray photographs were in fact X-ray photographs of the body of the injured person and that they are correct portrayals of his injuries.

■ Texas Indemnity Ins. Co. v. Phillips, Tex.Civ.App., 153 S.W.2d 503, cited by appellant, is not applicable to this cause in that the record of said cause contains no competent evidence that the photographs were of claimant's body and a correct portrayal of his injury. Although Dr. Cross did not testify in exact words that the photographs were correct portrayals of the plaintiff's injury, his testimony that such X-rays "truly and correctly portray that part of Mr. Desherlia's anatomy that they purport to" would be the equivalent thereto, in that if the plaintiff's anatomy were correctly portrayed the injuries thereto would also be correctly portrayed by the X-rays.

Southern Underwriters et al. v. Weldon, Tex.Civ.App., 142 S.W.2d 574, 576, holds as follows: "where a party objects to the introduction of exhibits, he must state clearly and specifically the grounds upon which his objections are based at the time the exhibits are offered in evidence".

There was no objection in the trial court that the X-rays did not correctly portray the injury. Appellant's objection to the X-rays was based on the proposition that Dr. Cross did not see the X-rays made and that he was not present when they were made. Dr. Cross testified they were made under his direction and instructions and held in his hospital until brought to court.

Texas & N. O. R. Co. v. Barham, Tex. Civ.App., 204 S.W.2d 205, 212, cited by appellant, contains a discussion of the authorities and quotes from authority as follows: "As they were taken for him and by his direction, and used and identified by him, they were properly admitted."

■ Further, no error may be predicated on the admission of appellee's X-ray photographs as shown by the record. The X-ray photographs, as admitted in evidence over defendant's objection, are shown as Plaintiff's Exhibits Nos. 1 and 2. Appellant's attorney introduced plaintiff's said Exhibits Nos. 1 and 2 before the jury and the same were examined in the presence of the jury by appellant's witness, Dr. Prohl, who testified as to plaintiff's Exhibit No. 1, "This is the same region portrayed on the first film we had here." As to plaintiff's Exhibit No. 2, Dr. Prohl testified, "This was taken the same as my film."

Chesshir v. Nall et al., Tex.Civ.App., 218 S.W.2d 248, 253, holds: "appellant waived any just complaint that he may have had to such testimony by a failure to object to the same offered in substance later and by offering the same testimony in substance later himself and should not be heard to complain about the matter."

■ A proper predicate for admission of the X-ray photographs was laid and appellant's objection was correctly overruled by the trial court. No error is shown in the admission of the plaintiff's X-ray photographs.

■ Appellant's second, third, fourth and fifth points will be discussed together as a second point. They involve the same proposition. These four points involve solely a question of fact. It is elementary that plaintiff is entitled to submission of all affirmative issues raised by the pleadings and the evidence. But, it is also a correct proposition of law that requested issues based on pleadings, but not supported by the evidence, are properly refused.

718

Morton Salt Co. v. Lybrand, Tex.Civ.App., 292 S.W. 264; Texas Employers Ins. Ass'n v. Patterson, 144 Tex. 573, 192 S.W.2d 255.

Appellant's second, third, fourth and fifth points set forth that plaintiff's incapacity was due solely to a former disease or was the sole result of a former injury, and that the trial court erred in overruling his objections to the charge and in refusing to submit his requested special issues. Appellant presented a portion of the testimony of Dr. Cross, Mr. Creel and N. E. Prohl as supporting his affirmative issues. The plaintiff testified that he fell some seven feet and was stopped suddenly by a body safety harness thus causing a severe back injury. The plaintiff gave the specific date of such fall and injury. Dr. Cross testified that if plaintiff merely climbed down and there was no sudden stopping that plaintiff could not have sustained the injury as found by Dr. Cross. Dr. Cross' testimony, in conjunction with that of the plaintiff, es-. tablishes that the injury was recent. Dr. Cross testified that the plaintiff was injured and that such injury could not have occurred if there was not a fall and sudden stopping as testified by the plaintiff. Cross further testified as to the injury shown, "In my opinion he is not able to do manual labor." It is conclusively shown that appellee had been doing manual labor prior to the fall.

Creel's testimony does not develop an affirmative defense but is a mere denial that the appellee fell as he alleged.

■ The testimony of Dr. N. E. Prohl, a witness for appellant, fails to establish the issue "former disease or a former injury." The burden is upon appellant to present evidence in support of its affirmative issues. Dr. Prohl mentions "hypertrophic arthritis" but refutes the possibility of plaintiff's having such disease or injury by his final summation of plaintiff's condition: "My opinion was that he was either malingering or a psycho-neurotic and should be examined by a psychiatrist." Dr. Prohl's final summation disposes of any

question of arthritis and narrows the issue to the proposition of whether appellee was malingering or was a psycho-neurotic. There is no pleading that appellee was malingering and no issue requested of the trial court as to the same. It must be conceded that the word "malinger" does not define a disease or an injury but only means "to feign sickness or any physical disablement or mental lapse or derangement especially for the purpose of escaping the performance of a task, duty, or work." It therefore follows that Dr. Prohl's testimony, to establish a disease or injury, should affirmatively exclude the term "malingering" as it is neither an injury nor a disease. Was appellee, under Dr. Prohl's testimony, malingering or was he a psycho-neurotic? This question was not answered by any evidence in the record. In fact, Dr. Prohl's testimony recommended that appellee be examined by a psychiatrist.

Conceding that the allegations "disease" and "injury" are defined within the term "psycho-neurotic," Dr. Prohl, in addition to failing to state whether appellee was malingering or was a psycho-neurotic, further conclusively testified:

"Q. And you wouldn't attempt to evaluate a man's disability that you thought was suffering from psycho-neurosis? A. That is the reason I recommended that he be examined by a psychiatrist."

■ There is no evidence that appellee was examined by a psychiatrist and no final answer is placed in the record as to the question of whether appellee was malingering or was a psycho-neurotic. This burden was upon the appellant. It is unnecessary to detail the evidence of appellant's own employees as to the appellee's work record and good health and activity prior to the accident.

There is no error shown in the trial court's overruling appellant's objections to the charge and in the trial court's refusing to submit appellant's requested issues.

Judgment of the trial court is affirmed.