**E. W. PARR, Appellant,**

v.

**Clarence E. HERNDON et ux., Appellees.**

No. 15757.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 21, 1956.

Rehearing Denied Oct. 19, 1956.

John T. Gano, Fort Worth, for appellant.

Herrick & Ivy and John W. Herrick, Fort Worth, for appellees.

RENFRO, Justice.

Judgment for $10,000 was entered for Clarence E. Herndon and wife against appellant, E. W. Parr, for injuries sustained by Mrs. Herndon in a collision between a pickup truck driven by Herndon and an automobile driven by Parr.

Appellant pleaded generally that appellees were guilty of contributory negligence. No exceptions were taken to said plea.

The court refused to submit requested issue No. 4 inquiring if appellee Herndon, on the occasion in question, was driving his truck at a greater speed than a person of ordinary prudence, in the exercise of ordinary care, would have driven the same, and No. 5 inquiring if such operation was a proximate cause of the collision. The court, instead, submitted issue No. 15 inquiring if Herndon was operating the pickup truck at an excessive rate of speed on the occasion in question, followed by appropriate issues on negligence and proximate cause. Negligence and proximate cause were properly defined.

It is appellant's position the court erred in giving issue No. 15 and in refusing to give requested issue No. 4.

The collision occurred near midday at the intersection of State highway 114 and Jenkins Street at Grapevine. The evidence is silent as to whether it occurred in the city limits. There was a blinker signal at the intersection. Appellees were traveling east on State highway No. 114 and appellant west on the same highway. Appellees were traveling 30 to 35 miles per hour and had passed the intersection when appellant suddenly turned left from his lane of travel and in front of appellees. Appellees did not see appellant's car until he turned suddenly in front of them. Appellant agreed that he turned left across the highway before he reached the intersection. He could give no estimate as to appellees' speed.

Where the court has fairly submitted the controlling issues raised by the pleadings and the evidence, the case shall not be reversed because of the failure to submit other and various phases or different shades of the same issue. Rule 279, Texas Rules of Civil Procedure.

There was no pleading or testimony of violation by appellees of a statutory speed.

■ It was for the jury to determine, under all the circumstances, whether the rate of speed at the particular time was excessive, and, if so, whether such speed was negligence and a proximate cause of the collision.

■ Under the circumstances of the case, the issues given by the court, with the accompanying instructions, were substantially the same as those requested by appellant. Since those given substantially covered the issues requested by appellant, the court did not err in refusing to submit the requested issues. Blaugrund v. Gish, Tex.Civ.App., 179 S.W.2d 257, affirmed 142 Tex. 379, 179 S.W.2d 266; Liberty Mutual Ins. Co. v. Taylor, Tex.Civ.App., 244 S.W.2d 350.

In Sunset Motor Lines v. Blasingame, Tex.Civ.App., 245 S.W.2d 288, the issues submitted and refused were quite similar to those in the instant case. The court held the issue of speed was properly submitted.

■ In the light of the pleading and the evidence, it is our opinion the issues submitted by the court were proper. The points of error based on such submission are overruled.

■ Point three is based on the refusal of the court to submit an issue on unavoidable accident. Appellant objected to the charge as a whole for such failure, and stated "the same should be given." He did not prepare and tender in writing a special issue on unavoidable accident. The failure to submit a particular issue will be reviewed on appeal only where the record shows a special charge was tendered on that issue. Texas & N. O. R. Co. v. Crow, Tex.Com.App., 132 Tex. 465, 123 S.W.2d 649; Texas Milk Products Co. v. Birtcher, Tex.Civ.App., 138 S.W.2d 285, reversed and remanded on other grounds, 138 Tex. 178, 157 S.W.2d 633; Rule 279. The point of error is overruled.

In his fourth point of error appellant contends the court erred in admitting an x-ray of Mrs. Herndon in evidence and permitting the witness Dr. King to testify concerning same.

Dr. King testified that on September 12, 1955, he gave Mrs. Herndon a complete physical and x-rayed her neck and back; that he was trained in taking and interpreting x-rays and had his own x-ray set up at his clinic; that he brought the x-rays of Mrs. Herndon to the courthouse and identified Exhibit 5 as the picture of Mrs. Herndon's spine which was taken in his office. The appellant objected to the introduction of the x-ray photograph on the ground it was not sufficiently identified or proved up. The objection did not specify in what particular the identity and proof were insufficient.

The proof as to the identity and correctness of the x-ray photograph was sufficient as a predicate for its admission over the general objection that it was not sufficiently identified or proved up. Federal Underwriters Exchange v. Cost, Tex.Com.App., 132 Tex. 299, 123 S.W.2d 332; Texas Indemnity Ins. Co. v. Desherlia, Tex.Civ.App., 237 S.W.2d 715; Southern Underwriters v. Weldon, Tex.Civ.App., 142 S.W.2d 574; Dabney v. Keene, Tex.Civ.App., 195 S.W.2d 682.

The verdict is assailed as excessive by point five. Mrs. Herndon was at the time of the trial 43 years of age, with a life expectancy of 26 years. Prior to the accident she was healthy and had worked at various jobs requiring considerable physical exertion. She testified at length as to the pain and suffering she had sustained and was continuing to sustain at the time of the trial. Plaintiff Herndon corroborated his wife as to her inability to perform physical efforts as she did prior to the injury. Dr. King testified that in his opinion her injuries were permanent and she would continue to suffer pain.

There is no accurate scale for measuring the money value of damages sustained by an injured person. Each case must be considered upon its own particular facts. Bee Line Coaches v. Folterman, Tex.Civ.App., 207 S.W.2d 986. The record does not reflect anything to indicate the jury was influenced by passion or prejudice or other improper influence.

Viewing the evidence in the light most favorable to the verdict, as we must do, we believe the evidence was sufficient to uphold the jury finding.

The judgment of the trial court is affirmed.

MASSEY, C. J., dissents.

MASSEY, Chief Justice (dissenting).

I find myself in disagreement with the majority on the matter of admissibility of the x-ray photographs. In large degree the proof upon the matter of extent of injuries and disability hinged upon interpretation and analysis of what was shown in the x-rays by the appellee's physician, so it is believed that a reversal of the case would be required if these x-rays were improperly admitted.

In my opinion no proper predicate for admissibility of x-ray pictures is laid where they are not proven up by one or the other of two elements. These elements are: testimony that the pictures were made and developed under circumstances which reasonably assure their accuracy, or, testimony that objects or substances portrayed by the pictures are accurately represented therein. Actually, proof of the first of the elements proves the second by implication. In the instant case there was no testimony that the process of the act of photography was in accordance with any recognized practice or standard and there was no testimony that the photographs correctly or truly portrayed any part of the appellee's anatomy.

I would remand the cause for another trial.