Julian RESENDIZ, Appellant,

v.

Patrick RESENDIZ, Appellee.

No. 14090.

Court of Civil Appeals of Texas.

San Antonio.

April 10, 1963.

A. A. Garza, San Antonio, for appellant.

Raul Villarreal, San Antonio, for appellee.

MURRAY, Chief Justice.

This suit was instituted by Patrick Resendiz against his father, Julian Resendiz, seeking to recover the sum of $8,000.00, alleged to have been loaned to the defendant upon his promise to repay the same. The trial was to the court without the intervention of a jury and resulted in judgment in favor of plaintiff against defendant in the sum of $3,950.00, together with interest, from which judgment Julian Resendiz has prosecuted this appeal.

During the trial appellee offered in evidence photostatic copies of two Cashier's Checks, one in the sum of $2,000.00, and the other in the sum of $1,950.00. "Plaintiff's Exhibit No. 1" was a Cashier's Check on The District National Bank of Chicago, dated Jan. 8, 1960, payable to the order of Patrick Resendiz, in the sum of $2,000.00. It was endorsed by Patrick Resendiz and deposited in the Frost National Bank of San Antonio by Julian Resendiz. "Plaintiff's Exhibit No. 2," was a Cashier's Check on the same bank, dated Aug. 23, 1960, payable to the order of Julian Resendiz, in the sum of $1,950.00, endorsed by Julian Resendiz, and left at the Frost National Bank "FOR DEPOSIT ONLY."

Appellant objected to the introduction of the photostatic copies of these two checks, because the originals would be the best evidence. It was shown that the originals were sent to the Chicago Bank and were therefore beyond the jurisdiction of the District Court of Bexar County. When the checks were deposited by appellant in the Frost Bank they were microfilmed by the Bank before being sent to the Chicago Bank, and the photostatic copies were reproduced from these microfilms and were presented to the court at the trial by an assistant cashier, one N. W. Nance. The court's action in admitting these exhibits is assigned here as error, as not being the best evidence.

■ We do not find it necessary to pass upon this question because appellant took the witness stand and admitted he had received these two Cashier's Checks from appellee and had deposited them in the Frost Bank in his own name. By doing so, appellant waived any possible error in admitting the Cashier's Checks in the first place. Wright v. State, 165 Tex.Cr.R. 520, 309 S.W.2d 67; Davis Transport, Inc. v. Bolstad, Tex.Civ.App., 295 S.W.2d 941; Texas Indem. Ins. Co. v. Desherlia, Tex.Civ.App., 237 S.W.2d 715; Germann v. Kaufman's Inc., Tex.Civ.App., 155 S.W.2d 969; Huff v. Reber, Tex.Civ.App., 13 S.W.2d 995; Airline Motor Coaches v. Howell, Tex.Civ.App., 195 S.W.2d 713; Clarkson v. Whitaker, 12 Tex.Civ.App. 483, 33 S.W. 1032; Dohoney v. Womack, 1 Tex.Civ.App. 354, 19 S.W. 883.

■ In the final analysis, the case turned upon whether appellant purchased these two Cashier Checks from appellee and paid cash therefor, or whether appellee loaned the proceeds of these two checks to appellant upon a promise of appellant to repay him. The trial court, by entering judgment in appellee's favor, necessarily impliedly found that there was a loan made by appellee to appellant.

The judgment of the trial court is affirmed.